UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Thomas Waters, #321296, | C/A No. 4:08-2898-GRA-TER |
| Plaintiff, | |
| | REPORT AND RECOMMENDATION |
| vs. | |
| Officer L. Jackson;<br>Captain J. Brunson;<br>Officer Kelly;<br>Officer Reed;<br>all with the Florence County Detention Center, | |
| Defendants. | |

## I. PROCEDURAL BACKGROUND

The plaintiff, Thomas Waters, filed this action under 42 U.S.C. § 1983[1] on August 22, 2008, alleging violations of his constitutional rights. During the time of the matters alleged in his complaint, plaintiff was housed at the Florence County Detention Center (FCDC) as a pretrial detainee. Plaintiff is currently incarcerated at the Tyger River Correctional Institution. Defendants filed a motion for summary judgment on March 30, 2009, along with a memorandum, affidavits, and exhibits in support of said motion. (Doc. #27). Because plaintiff is proceeding pro se, he was advised on or about March 31, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendants' motion for summary judgment could result in the

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

dismissal of his complaint. The plaintiff filed a response in opposition and defendants filed a reply with additional exhibits/affidavit and an amended affidavit.

## II. DISCUSSION

### A. ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

The plaintiff alleges that his constitutional rights have been violated due to the use of excessive force while housed at the FCDC. Specifically, plaintiff alleges he was subjected to excessive force on two occasions, September 23, 2006, and February 18, 2007, by the use of a taser, chemical munitions, and the restraint chair. Plaintiff alleges that Captain Joyce Brunson violated his constitutional rights by acting deliberately indifferent to a serious threat of harm to plaintiff. Plaintiff requests monetary damages.

### B. STANDARD FOR SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the

moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

### C. LEGAL ANALYSIS APPLICABLE TO PRETRIAL DETAINEES

Allegations of deprivations regarding pretrial detainees are considered under the due process clause of the Fourteenth Amendment instead of the cruel and unusual punishment clause of the Eighth Amendment. Cooper v. Dyke, 814 F.2d 941 (4th Cir. 1987). The rationale for this distinction was explained in Ingraham v. Wright, 430 U.S. 651 (1977) at 671-72:

> Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions . . . the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with the due process of law. Where the State seeks to impose punishment

3

> without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment (citations omitted).

A pretrial detainee may not be punished. An inmate serving a custodial sentence may be punished so long as the punishment is not "cruel and unusual." Bell v. Wolfish, 441 U.S. 520 (1979). Using the standard set out in that case, a condition must be evaluated on whether or not it was implemented to "punish" the detainee before he was convicted of any crime. Balanced against that concern, however, is the legitimate security concerns of housing a number of persons prior to their trials. If a restriction is imposed for a legitimate, non-punitive purpose, is not excessive to meet its goal, and was not imposed simply to punish the inhabitants of a facility, it will be upheld. Bell, 441 U.S. at 538.

Since the plaintiff is proceeding pro se, this court is required to treat his filings and pleadings with some degree of liberality. Estelle v. Gamble, 429 U.S. 97 (1976); Hughes v. Rowe, 449 U.S. 9 (1980) (per curiam). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, 449 U.S. 5, 66 L.Ed.2d 163, 101 S.Ct. 173 (1980)(per curiam). However, plaintiff is cautioned that the court may not rewrite his pleadings; Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct defendant's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-418 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986). Further, while the court should afford a *pro se* litigant every reasonable opportunity to construct and present his side, the court cannot act as counsel for the *pro se* litigant or excuse a failure to comply with the rules of this court.

## D. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants argue they are entitled to summary judgment asserting plaintiff failed to comply with the PLRA's exhaustion requirement and have moved for summary judgment on that basis as well as on the merits of the allegations. Plaintiff argues that there was no grievance procedure at the FCDC.

Defendants submitted the affidavit of Captain Joyce Brunson with the FCDC, who attests that plaintiff was a detainee at the FCDC in 2006 and 2007. (Brunson affidavit, Exhibit #1 of reply). The FCDC has an inmate grievance policy and had an inmate grievance policy during the period of detention of plaintiff. (Id.). A copy of the current policy is attached as Exhibit A and the procedure for filing a grievance was substantially the same as said attached policy in 2006 and 2007 and was included as part of the inmate handbook. (Id.). Pursuant to policy, plaintiff was issued a FCDC Inmate Handbook upon his entry into the facility on July 18, 2006. (Id.). Captain Brunson asserts that she reviewed the records of the FCDC and plaintiff filed no inmate grievance during his detention within the facility. (Id.).

The Prison Litigation Reform Act ("PLRA") requires that a prisoner[2] exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C. 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions

---

[2] A "prisoner", is defined to mean, "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." § 1997e(h). Thus, exhaustion of administrative remedies is also required of pretrial detainees such as the plaintiff here. See also Bunch v. Nash, 2009 WL 329884, at 4, n.2 (D.S.C. February 10, 2009); Tate v. Anderson 2007 WL 28982 at 4 (D.S.C. January 3, 2007).

under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a). Accordingly, before plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the SCDC grievance process. The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); *see* Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001)(exhaustion required even though plaintiff claimed he was afraid); *see also* Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to plaintiff). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006).

Based on the evidence before the court, plaintiff has failed to show that he has exhausted his administrative remedies.[3] Accordingly, it is recommended that defendants' (document #27) motion for summary judgment be granted for failure to exhaust administrative remedies.

### III. CONCLUSION

---

[3] See McElveen v. Florence County Detention Center, 2009 WL 689683 (D.S.C. March 16, 2009)(Although plaintiff claimed that the Florence County Detention Center has no grievance procedure, he did not present any evidence tending to rebut the defendants' assertion that the FCDC's Policy 3.5.6 requires detainees to submit formal grievances regarding their conditions of confinement.)

Based on the above reasoning, plaintiff has failed to exhaust the administrative remedies.

Therefore, it is recommended that defendants' motion for summary judgment (doc. #27) be granted.

IT IS FURTHER RECOMMENDED that any other outstanding motions be deemed MOOT.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 27, 2010
Florence, South Carolina