UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Thomas Waters, #321296, ) | |
| ) | C/A No.: 4:08-cv-02898-GRA |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Officer L. Jackson, Captain J. Brunson, ) | (Written Opinion) |
| Officer Kelly, and Officer Reed (all with ) | |
| the Florence County Detention Center) ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the Court for review of Magistrate Thomas E. Rogers' Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., and filed on January 27, 2010. Plaintiff filed this action on August 22, 2008, pursuant to 42 U.S.C. § 1983. Under established local procedure in this judicial district, Magistrate Judge Rogers made a careful review of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Magistrate Judge Rogers recommends that this Court grant Defendants' Motion for Summary Judgment because Plaintiff failed to exhaust his administrative remedies. The magistrate further recommends dismissing all other outstanding motions as moot. For the reasons discussed herein, this Court adopts the magistrate's recommendation in its entirety.

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). On February 18, 2010, Plaintiff filed an objection dated February 11, 2010.

Plaintiff's objection is that there was no grievance procedure for him to utilize in 2006 and 2007, when he was housed at the Florence County Detention Center (FCDC). (Pl.'s Objection at 2, Dkt. No. 54.) Plaintiff claims that Defendant failed to

prove such a procedure was in place. This objection is unfounded. The magistrate correctly found that "[t]he FCDC has an inmate grievance policy and had an inmate grievance policy during the period of detention of plaintiff." (Mag.'s Rep. and Rec. at 5, Dkt. No. 50) (citing evidence in support). Therefore, Plaintiff's objection is without merit.

After a review of the record, this Court finds that the magistrate's Report and Recommendation accurately summarizes this case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment is GRANTED, and this action is DISMISSED.

IT IS FURTHER ORDERED that all other pending motions in this case are DISMISSED as moot.

**IT IS SO ORDERED.**

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

February 19, 2010
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**