UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Thomas Waters, #321296,  )<br>                                               )<br>                   Plaintiff,     )<br>                                               )<br>        v.                                )<br>                                               )<br>Officer L. Jackson, Captain J. Brunson, )<br>Officer Kelly, and Officer Reed (all with )<br>the Florence County Detention Center), )<br>                                               )<br>                   Defendants.  )<br>_____ ) | C/A No.: 4:08-cv-02898-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before the Court on Plaintiff's request for free copies of the Court's records in this case. Plaintiff requests copies of the Court's entire case file, pursuant to 5 U.S.C. § 552, 18 U.S.C. § 3006, 28 U.S.C. § 753(f), and 28 U.S.C. § 1915.[1]

Plaintiff proceeds *pro se*. District courts are required to construe liberally a *pro se* litigant's filings to allow for the development of a potentially meritorious

---

[1] None of these provisions authorizes this Court to grant Plaintiff's request. Federal courts are not subject to the federal Freedom of Information Act. 5 U.S.C. § 551(1)(B). 18 U.S.C. § 3006 is a cross-reference to the Federal Rules of Criminal Procedure. 28 U.S.C. § 753(f) deals with transcript fees and permits free copies only in criminal and habeas corpus proceedings. Finally, although 28 U.S.C. § 1915(c)(1) authorizes a court, in certain circumstances, to provide an indigent litigant a free copy of a record on appeal, it does not give a court the authority to provide an indigent litigant a free copy of every document filed in a case. *See Fiveash v. Tom Green County*, 30 F.3d 1493 (5th Cir. 1994) (table) (per curiam).

claim. Such filings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

An indigent litigant may obtain copies of court records at government expense only upon the litigant's showing of a particularized need for the documents. *Jones v. Superintendent, Va. State Farm*, 460 F.2d 150, 152–53 (4th Cir. 1972). An indigent is not entitled to free copies "merely to comb the record in the hope of discovering some flaw." *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963). Here, Plaintiff requests a free copy of "basically [his] entire case file," but his only justification for the request is that the documents will assist him in preparing a petition for a writ of certiorari. This is precisely the type of request barred by *Glass*. Because Plaintiff has failed to show a particularized need for any document in this case, let alone the entire file, his request must be denied.

IT IS THEREFORE ORDERED that Plaintiff's request for copies (ECF No. 71) be DENIED.

**IT IS SO ORDERED.**

*[signature]*
G. Ross Anderson, Jr.
Senior United States District Judge

July 6 , 2011
Anderson, South Carolina